■ In the Matter of BONNIE ALDRIDGE, Respondent, v MARY Jo BANE, as Commissioner of the New York State Department of Social Services, et al., Appellants. [606 NYS2d 110] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondents appeal from a judgment (denominated order/judgment) finding that their policy of offsetting fuel reconciliation refunds against outstanding overpayments violates 42 USC § 602 (a) (22) (A) and directing them to provide petitioner with her fuel reconciliation refund. Petitioner and her two children were recipients of public assistance under the State's Aid to Families with Dependent Children program (AFDC). In 1990 and 1991, petitioner's monthly AFDC allowance was $550 per month, which included $84 for energy and fuel. In December 1990, respondent, the Erie County Department of Social Services (Erie County DSS), determined that it had overpaid petitioner because she had failed to report income and began recouping the overpayment by deducting $55 per month from her benefit, the maximum recoupment allowed under the statute *(see,* 42 USC § 602 [a] [22] [A]; 18 NYCRR 352.31 [d] [2]). In March 1991, Erie County DSS determined that it had overpaid petitioner an additional amount of almost $1,500; consequently, it continued to withhold $55 per month from her total allowance. During the same period, petitioner volunteered to participate in a State-wide energy assistance program, whereby the local DSS paid the recipients' utility bills directly and withheld from their monthly allowance the amount allotted to energy needs. At the end of the program year, the local DSS would reconcile amounts billed and withheld. If the recipient used more energy than the amount withheld, the difference was subject to recoupment; if the recipient consumed less, the local DSS refunded the difference. Upon reconciliation at the end of the 1990-1991 program year, respondents determined

that petitioner was entitled to a refund of $346.08. Respondents determined to apply that amount to offset the prior overpayment that was already subject to recoupment. Petitioner commenced this proceeding seeking immediate payment of her reconciliation refund.

The Federal regulations implementing the Social Security Act specifically provide that, "In cases which have both an underpayment and an overpayment, the State may offset one against the other in correcting the payment" (45 CFR 233.20 [a] [13] [D]). Similarly, State regulations implementing section 106-b of the Social Services Law provide that the local DSS must offset in cases that have both an overpayment and an underpayment (18 NYCRR 352.31 [d]). The State DSS issued a Local Commissioners Memorandum in 1991 clarifying for local DSS commissioners that fuel reconciliation refunds "may be applied to outstanding overpayments".

We conclude that respondents' determination to offset petitioner's fuel reconciliation refund against petitioner's outstanding overpayments was not arbitrary and capricious or violative of the Social Security Act. Petitioner contends that respondents withheld more than the 10% maximum permitted by statute because they withheld more than was necessary to pay her utility bills at the same time they were recouping $55 a month from her total allowance. That construction of the offset regulation is not supported by any authority and we decline to construe the regulation in such a limiting fashion.

Petitioner also contends that the State DSS did not file the 1991 Local Commissioners Memorandum with the Department of State as required by the State Administrative Procedure Act. Where an existing regulation puts the public sufficiently on notice of the general rule, filing of standards implementing the regulation is not required (see, Matter of Tenenbaum v Axelrod, 132 AD2d 37, 39, appeal dismissed 71 NY2d 950). The offset regulation relied upon by respondents gave petitioner notice that her fuel reconciliation refund might be offset against her overpayment. The Local Commissioners Memorandum simply provided guidance to the local districts and was precatory in nature.

We have reviewed petitioner's other contentions, which were not reviewed by the IAS Court, and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Article 78.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.